UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARC F. GERTE | COMPLAINT |
| Plaintiff, | |
| v. | |
| THE BOROUGH OF NAUGATUCK; PETER BOSCO, POLICE OFFICER, BOROUGH OF NAUGATUCK, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; PAUL BERTOLA, POLICE OFFICER, BOROUGH OF NAUGATUCK, IN HIS INDIVIDUAL AND OFFICAL CAPACITY; ROBERT O'DONNELL, POLICE OFFICER, BOROUGH OF NAUGATUCK, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; BRIAN NEWMAN, POLICE OFFICER, BOROUGH OF NAUGATUCK, IN HIS INDIVIDUAL AND OFFICAL CAPACITY; STEVEN HUNT, POLICE OFFICER, BOROUGH OF NAUGATUCK, IN HIS INDIVIDUAL AND OFFICAL CAPACITY; JEAN DOBBIN. | JURY DEMAND |
| Defendants. | |
| | SEPTEMBER 25, 2019 |

**COMPLAINT**

COMES NOW, Plaintiff Marc F. Gerte and files his Complaint against the Borough

of Naugatuck (Borough), Naugatuck police officers Peter Bosco, Paul Bertola and

Robert O'Donnell in their personal and official capacities, and against Jean Dobbin.

1

**PRELIMINARY STATEMENT**

1.  It has been said that "individual freedom finds tangible expression in property rights."[1] The Defendants disregarded this venerable principle by acting in concert with one another on September 26, 2016, when, after taking possession of plaintiff's dog, Jaimie, pursuant to a formal policy of defendant Borough, defendants knowingly and unreasonably refused plaintiff's demand for the return of his property, his dog Jamie, after plaintiff made due demand for Jamie's return.

2.  Following the September 26, 2016 refusal, defendant Dobbin acting in concert with the other defendants and as the agent of the defendant Borough, continued to wrongfully hold plaintiff's property in her possession, with the knowledge and support of the other defendants, thus violating plaintiff's constitutionally protected rights. and depriving plaintiff of his property.

3.  On June 18, 2016 defendant police officers came upon plaintiff in a condition requiring him to be hospitalized. At such time, plaintiff's dog Jamie was with him, and due to the emergency nature of the situation, the police officers, pursuant to their authority, took possession of plaintiff's property, including his dog for safekeeping.  Plaintiff acknowledges such possession, for the limited purpose to temporarily safeguard his property, was lawful.

4.  However, throughout the ensuing period from June 18, 2016 through September 26, 2016, and unbeknownst to plaintiff, all of the defendants conspired and acted in concert to enable defendant Dobbin to permanently keep the dog, in contravention of plaintiff's rights.

---

[1] *United States v. James Daniel Good Real Property, 510 U.S. 43, 61 (1993).*

5. This is an action arising under 42 U.S.C. § 1983, seeking monetary damages in violation of plaintiff's right to equal protection under the law, his right to petition the government for a redress of grievances under the First Amendment to the United States Constitution, his right to due process under the Fourteenth Amendment to the United States Constitution, his right be free of unreasonable seizures under the Fourth Amendment to the United States Constitution, and for the conversion and statutory theft of plaintiff's property, his dog Jamie, under Connecticut State law under the pendant jurisdiction of this Court.

**JURISDICTION AND VENUE**

6. This action arises under the Equal Protection Clause of the United States Constitution and the First, Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, by virtue of 42 U.S.C. §§ 1981, 1983, 1988 and 28 U.S.C. §§ 1331, 1343(a)(3).

7. The supplemental jurisdiction of the District Court is invoked pursuant to 28 U.S.C. §1367 as to the Conversion and Statutory Theft State Claims.

8. Venue is conferred pursuant to 28 U.S.C. § 1391(b), as defendants are located in Connecticut, and the events giving rise to this action occurred in the District of Connecticut.

**JURY DEMAND**

9. Pursuant to Fed. R. Civ. P. 38(b), plaintiffs demand trial by jury in this action.

**PARTIES**

10. Plaintiff MARC F. GERTE was a resident of Connecticut and owned the dog named Jamie when the alleged incidents giving rise to this action occurred.

3

11. Defendant BOROUGH OF NAUGATUCK is a municipality as set forth by definition in C.G.S. § 7-148 and is a legal entity for purposes of 42 U.S.C. § 1983. The Borough is authorized by law to maintain departments, which act as their agent and for which it is ultimately responsible. The Borough is responsible for the hiring, control, training and supervision of all of its departments, including but not limited to the Borough's Police Department. The Borough assumes the risks incidental to the maintenance of its departments, and the employment in its departments, as said risks attach to the public consumers of the services provided by the Borough departments.

12. Defendant PETER BOSCO ("Officer Bosco"), during the time of the facts alleged herein, was a police officer, as set forth by definition in C.G.S. §7-294a, employed by the Borough of Naugatuck and is sued in his official and individual capacities.

13. Defendant PAUL BERTOLA ("Officer Bertola"), during the time of the facts alleged herein, was a police officer, as set forth by definition in C.G.S. §7-294a, employed by the Borough of Naugatuck and is sued in his official and individual capacities.

14. Defendant ROBERT O'DONNELL ("Officer O'Donnell"), during the time of the facts alleged herein, was a police officer, as set forth by definition in C.G.S. §7-294a, employed by the Borough of Naugatuck and is sued in his official and individual capacities.

15. Defendant BRIAN NEWMAN ("Officer Newman"), during the time of the facts alleged herein, was a police officer, as set forth by definition in C.G.S. §7-294a, employed by the Borough of Naugatuck and is sued in his official and individual capacities.

16. Defendant STEVEN HUNT ("Officer Hunt"), during the time of the facts alleged herein, was a police officer, as set forth by definition in C.G.S. §7-294a, employed by the Borough of Naugatuck and is sued in his official and individual capacities.

17. Defendant JEAN DOBBIN, during the time of the facts alleged herein, was a resident of the State of Connecticut and throughout the course of these proceedings complained of herein was acting in concert with and as an agent of the Borough and under color of State Law.

**FACTS**

18. At the time of the incidents alleged herein, plaintiff was the owner of a female Labrador retriever dog named Jamie, who was his constant companion animal.

19. On Saturday, June 18, 2016, the plaintiff and Jamie were outside together in the Borough of Naugatuck when defendant Officer Robert O'Donnell from the Naugatuck Police Department came upon them, determined that plaintiff required immediate emergency medical assistance, and oversaw the transportation of plaintiff to Waterbury Hospital for treatment.

20. In the course of his duties as a police officer, Officer O'Donnell also took possession of plaintiff's personal property, including his dog Jamie from plaintiff in order to safeguard plaintiff's property.

21. The municipal defendants pursuant to a formal policy of the defendant Borough thereafter relinquished possession and safeguarding of plaintiff's property to defendant Dobbin as an agent of the Borough and acting on behalf of the Borough.

22. Upon release from the hospital later that evening, plaintiff contacted the Naugatuck Police Department to retrieve his dog.  The officer at the front desk told him this

was not a police department matter but an animal control issue.

23. On Monday morning, June 20, 2016 when Naugatuck Animal Control was next open, plaintiff went to the animal control facility to retrieve his dog but was told no dog with Jamie's likeness was ever brought to the facility and they had no information on her location.

24. During the ensuing three months, plaintiff and his friends made numerous and continual efforts and inquiries to find and retrieve Jamie. One of plaintiff's friends spoke to defendant Officer Bosco, who told her the dog no longer belonged to plaintiff, and that he could not otherwise speak to her about the matter. Plaintiff also spoke to Officer Bosco and Officer O'Donnell, who told him to cease searching for his dog, including contacting animal control and the police department. The officers also told Plaintiff if he did not cease this activity he would be arrested.

25. On or about September 26, 2016, one of plaintiff's friends helping him search for Jamie showed plaintiff a picture he believed to be of Jamie on defendant Jean Dobbins' facebook profile page.

26. Plaintiff then went to see defendant Dobbin at her office to determine if she indeed had his dog and to demand her return, but Dobbin refused to answer the door. Defendant Officer Bertola soon arrived, and Dobbin then for the first time refused plaintiff's demand to return Jamie to him.  Officer Bertola took no action to regain possession of plaintiff's property and refused to return Jamie to the plaintiff as well.

27.  Defendant Officer Newman was a detective for the police department at this time and defendant Officer Hunt was a captain in the police department, both of whom had supervisory responsibilities over the other police officers herein. Officer Bertola

contacted both of them on September 26, 2016 regarding this incident, but they failed and refused to take any steps to return plaintiff's dog to him or allow him to file criminal charges or effect an arrest of the people who stole plaintiff's dog.

## VIOLATIONS AND CLAIMS FOR RELIEF

### COUNT ONE

**Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, 42 U.S.C. § 1983 and 42 U.S.C. § 1981**
**Against all defendants**

28. Paragraphs 1 through 27, inclusive, are incorporated herein under Count One with the same force and effect as if fully set forth at length herein.

29. All members of the public, including the plaintiff, are members of a protected class pursuant to the protections provided under the Constitution, including the right to be treated equally by the members of law enforcement when a crime is committed against them.

30. When plaintiff's property was stolen from him, and the police officer defendants were involved in the theft, plaintiff was not treated equally. This was in violation of specific constitutional protections preventing the government, and thus the defendant Borough, from seizing plaintiff's property without providing plaintiff due process.

31. The defendants did not produce any reports of the theft, no investigation was undertaken and no charges were filed against any suspects, including the defendant police officers.

32. Plaintiff was not treated equally because unlike other citizens who are victims of a crime, he was deprived of his rights of redress against the defendant police officers'

7

actions in assisting the theft of his property and their subsequent refusal to prosecute this criminal behavior. Plaintiff's rights to equal protection were violated, and he is thus entitled to damages.

### COUNT TWO

**Petition Clause for a Redress of Grievances of the First Amendment to the United States Constitution, 42 U.S.C. § 1983 and 42 U.S.C. § 1981
Against the Borough of Naugatuck**

33. Paragraphs 1 through 32, inclusive, are incorporated herein under Count Two with the same force and effect as if fully set forth at length herein.

34. The remedy for prosecution of the crime of theft is to contact a municipality's police department. Because the police officer defendants are the parties who acted in concert with defendant Dobbin to permanently deprive plaintiff of his property, plaintiff cannot obtain relief by demanding the defendants prosecute themselves and the employer they act on behalf of, the defendant Borough.

35. The First Amendment guarantees persons the right to petition the government for a redress of grievances, but this right has been denied to plaintiff, as plaintiff is unable to seek the defendants' cooperation in prosecuting its own police members for their conspiracy to steal Jamie.

36. Having deliberately violated plaintiffs' constitutionally protected rights, and concomitantly having caused plaintiff to sustain damages as a result thereof, the Borough is liable to the plaintiff, and plaintiff is entitled to recover the amount of damages sustained, the costs of bringing this suit and reasonable attorneys' fees against the Borough and all municipal defendants pursuant to 28 U.S.C. §§ 2201 and 2202, and 42 U.S.C. § 1983.

## COUNT THREE

### Due Process Clause of the Fourteenth Amendment to the United States Constitution, 42 U.S.C. § 1983 and 42 U.S.C. § 1981
### Against

37. Paragraphs 1 through 36, inclusive, are incorporated herein under Count Three with the same force and effect as if fully set forth at length herein.

38. The defendant municipality and its police officers acting under color of state law took plaintiff's property and gave it defendant Dobbin.

39. Defendant Dobbin refused to return the property and the municipal defendants subsequently did not provide plaintiff with any process for its rightful return.

40. Defendants did not provide plaintiff with any notice they had transferred his property to defendant Dobbin, but rather undertook a scheme with defendant Dobbin to prevent him from learning of Jamie's whereabouts.

41. Defendants also did not provide plaintiff any opportunity to be heard to contest the disappearance of his property and his claims for its return, but rather threatened him with arrest if he did not cease his efforts to locate his dog.

42. The actions of the defendants thus violated plaintiff's rights to the procedural requirements of the Fourteenth Amendment.

## *COUNT FOUR*

### Unreasonable Seizure Clause of the Fourth Amendment to the United States Constitution, 42 U.S.C. § 1983 and 42 U.S.C. § 1981
### Against the Borough of Naugatuck, all named officers and Jean Dobbin

43. Paragraphs 1 through 42, inclusive, are incorporated herein under Count Four with

9

the same force and effect as if fully set forth at length herein.

44. When the municipal defendants took possession of Jamie on June 18, 2016, it was done pursuant to their authority and duties as police officers.  It was also done pursuant to their obligation to safeguard the property of a citizen they were lawfully taking into custody. Accordingly, this act was reasonable.

45. Because this prior act was reasonable, Defendant Dobbin's unreasonable seizure of plaintiff's property did not arise until she refused, upon demand, to return plaintiff's property to him, which she did in concert with the municipal defendants.

46. The defendants' refusal to return what was, in effect, stolen property to its rightful owner, gave rise to an unreasonable seizure when plaintiff demanded its return and was denied, thus violating his Fourth Amendment rights.

47. Plaintiff suffered injury when he was wrongfully deprived of his property by a scheme involving all of the defendants, which did not arise until he demanded its return and was denied. He has been damaged by reason of the Borough's violation of his Fourth Amendment rights, resulting from the breach of the defendant Borough's non-delegable duty to safeguard and return property they originally and lawfully detained, when they thereafter refused to return the property to him.

48. Having deliberately violated plaintiff's constitutionally protected rights, and concomitantly having caused plaintiff to sustain damages as a result thereof, the Borough is liable to the plaintiff, and plaintiff is entitled to recover the amount of damages sustained, the costs of bringing this suit and reasonable attorneys' fees against the Borough pursuant to 28 U.S.C. §§ 2201 and 2202, and 42 U.S.C. § 1983.

**COUNT FIVE**
**Claim of Liability Pursuant to Monell v.Dep't. of Social Services of the City of New York, 42 U.S.C. § 1983 and 42 U.S.C. § 1981**
**Against the Borough of Naugatuck**

49. Paragraphs 1 through 48, inclusive, are incorporated herein under Count Five with the same force and effect as if fully set forth at length herein.

50. The Police Department of the Defendant Borough of Naugatuck has an obligation to safeguard any property of a citizen that an officer takes into possession in the course of carrying out their duties and functions as a police officer.

51. In the instant matter, defendant O'Donnell originally and lawfully took plaintiff's property, his dog Jamie, into his possession when he came upon the plaintiff with his dog and directed that the plaintiff be transported by ambulance to the Waterbury Hospital.

52. At such time, defendant O'Donnell had an obligation to safeguard plaintiff's property until it could be returned to him.

53. Pursuant to the formal policy of the municipal defendants, however, at some point they relinquished possession and safeguarding of plaintiff's property to defendant Dobbin, who acted as their agent for this purpose.

54. Under this custom, usage, practice or policy, the municipal defendants encourage and/or condone choosing an agent to possess and safeguard property with no agreement with the agent for its rightful return, and when the agent has no duty acting under the color of state law to safeguard and return the property to its rightful owner.

55. Under this custom, usage, practice or policy, defendants encourage and/or condone a policy which does not require the safeguarding and return of property to its rightful

11

owner, thus violating the owner's rights.

56. Defendants failed to provide adequate training to its officers regarding the proper procedures for taking and retaining possession of citizen's property and the safeguarding of it until its proper return, in order to comply with the constitutional and statutory limitations on handling property of citizens.

57. Defendants failed to provide adequate training to instruct its police officers that giving away such property or allowing it to be stolen violated the rights of those whose property they had taken and would not be condoned.

58. Defendants failed to supervise its police officers resulting in plaintiff's property being stolen from him.

## COUNT SIX
### Common law State Claim of Conversion and State Claim of Statutory Theft Against all defendants

59. Paragraphs 1 through 58, inclusive, are incorporated herein under Count Six with the same force and effect as if fully set forth at length herein.

60. At some point in time on or after June 18, 2016 and without plaintiff's authorization, defendant Dobbin, in concert with the assistance and approval of the municipal defendants, took possession of plaintiff's dog Jamie from the municipal defendants, to live with her as her pet. Dobbin treated the dog as her own, keeping it in her possession, feeding it and purchasing a dog license listing her as the owner of Jamie.

61. It was not until December 23, 2016 and a court order of replevin to plaintiff that Dobbin relinquished possession of Jamie, whereupon she was returned to the

12

plaintiff.

62. The municipal defendants, with full knowledge that plaintiff's dog belonged to plaintiff, initially took lawful took possession of plaintiff's dog on June 18, 2016, but for months thereafter purposely concealed from plaintiff their and defendant Dobbin's possession of plaintiff's dog, with the intent to permanently deprive plaintiff of his dog.

63. After defendants took possession of the dog, they failed to respond to plaintiff's inquiries about the location of Jamie, failed to inquire of plaintiff what his wishes were regarding his dog, failed to inform plaintiff they were holding his dog and failed to return plaintiff's dog to him.

64. In retaining such property, defendants intended to permanently deprive plaintiff of his property and his exclusive right to the use and enjoyment thereof, intending to appropriate such property to themselves.

65. As a direct and proximate result of defendants' foregoing conduct, plaintiff suffered damages.

66. Plaintiff spent countless time and money frantically searching for Jamie as a result of the defendants' acts and was also harmed by being deprived of his beloved companion animal.

67. The defendants' unlawful possession of Jamie was an interference of plaintiff's property rights and a deprivation of his rightful ownership, forcing plaintiff to spend funds to prosecute a legal action in order to regain possession of Jamie.

68. Defendants' conduct constitutes conversion and statutory theft of plaintiff's property and accordingly plaintiff is entitled to treble damages pursuant to

13

CGS §52-564.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff suffered damages and seeks the following relief:

A.      Award compensatory, punitive and treble damages;

B.      Award reasonable attorney's fees and costs;

C.      Award such other further relief as this Court may deem appropriate.


Dated this 25th day of September, 2019 at Hartford, Connecticut.

PLAINTIFF MARC F. GERTE



By:      _____/s/_____
Thompson Gould Page
Federal Bar No. CT11665

Thompson Gould Page, LLC
1 Linden Place, Suite 108
Hartford, CT 06106–1748
Tel:   (860) 895-6644
Cell:   (860) 983-7655
Fax:   (860) 896-6672
thom@tpagelaw.com


_____/s/_____
Richard Bruce Rosenthal
Federal Bar No. rb1834

Richard Bruce Rosenthal, Esq.
120-82 Queens Boulevard
Kew Gardens, NY 11415-1204
Tel:   (718) 261-0200
Cell:   (516) 319-0816
Fax:   (718) 793-2791
richard@thedoglawyer.com

Attorneys for Plaintiffs

## CERTIFICATION

This is to certify that on September 25, 2019, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

_____/s/_____
Thompson Gould Page
Federal Bar No. CT11665

Thompson Gould Page, LLC
1 Linden Place, Suite 108
Hartford, CT 06106–1748
Tel:    (860) 895-6644
Cell:   (860) 983-7655
Fax:    (860) 896-6672
thom@tpagelaw.com